## REISS v. NORTH-GERMAN LLOYD.

*(Circuit Court, E. D. New York. December 5, 1881.)*

1. DAMAGES—PERSONAL INJURIES—NEW TRIAL—INSUFFICIENT GROUND.

In an action for damages for personal injuries, caused by negligently leaving open a hatchway on a vessel, where the jury believed a witness whose character was in nowise impeached, and against whose testimony there is nothing except that he is plaintiff in the action, and his testimony is in conflict with several other witnesses, the verdict of the jury cannot be set aside as being against the evidence.

2. SAME—EXCESSIVE DAMAGES.

Where, in such case, the jury was composed of intelligent persons, and the trial developed no warmth of feeling, and there was nothing in the case from which to conclude that another jury would place the damages at a less sum, and the verdict was not the result of passion, prejudice, or mistake on the part of the jury, a motion for a new trial will be denied.

At Law.   On motion for new trial.

*F. B. Einstein,* for plaintiff.

*Shipman, Barlow, Larocque & Choate,* for defendant.

BENEDICT, D. J.   This is an action at law to recover of the owners of the steamer Main damages for injuries caused by the plaintiff's falling in the night-time through a small hatch, in front of the plaintiff's cabin door, carelessly left open.   The jury found a verdict for the plaintiff, and assessed the damages at $2,000.   The defendant now moves for a new trial upon two grounds, namely, that the verdict was against the evidence, and that the sum allowed for damages is excessive.   At the trial the case turned upon the question whether the plaintiff had been duly notified that the hatch was open, and attempted to pass into his cabin knowing that the hatch was open. Upon this question there was a direct conflict of testimony.   The plaintiff swore that he had no knowledge whatever of the opening of the hatch.   Witnesses called in behalf of the defendant swore that the plaintiff was notified of the opening of the hatch, and in fact looked down through it while it was open.   The jury believed the plaintiff, and did not believe the witnesses called for the defendant. I am unable to see in this action of the jury ground upon which to hold that the verdict was the result of passion or prejudice, or to say that the jury mistook the rules of law on evidence in arriving at this conclusion.

When, in a case of this character, the result turns solely upon the credibility of the witnesses, and where the jury have believed a witness whose character was in no way impeached, and against whose testimony there is nothing except that he is the plaintiff in the action, and his testimony in conflict with that of several other witnesses, I am of the opinion that the verdict of the jury cannot properly be set aside as against the evidence.   The remaining ground upon which the defendant asks a new trial is excessive damages.   The testimony of the plaintiff showed that he fell suddenly into this open hatch, while passing to his state-room in the night; that he was partly stunned by the fall, and his knee so injured as to compel him to keep his room until the arrival of the vessel in port; that he was taken home from the ship, and there confined to his house, in care of a surgeon, for three weeks, and that at the time of the trial, more than a year after the accident, the effect of the injury to the knee was still felt "in great pain, just like needles," at times preventing sleep. There was no testimony to the contrary of this.   The caution to the jury in regard to the amount of damages was explicit and full.   The

jury was composed of intelligent persons. The trial developed no warmth or feeling, and there is nothing in the case from which to conclude that another jury, finding for the plaintiff, would place the damages at a less sum. For myself, I might say that I consider the award liberal, but I cannot say that the amount is so excessive as to warrant the conclusion that it is the result of passion, prejudice, or mistake on the part of the jury.

The motion for a new trial must therefore be denied.